**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANTO WAHYUDI, | No. 07-71892 |
| Petitioner, | |
| v. | Agency No. A095-629-755 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Santo Wahyudi, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

NED/Research

protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

The agency denied Wahyudi's asylum application as time-barred.  Wahyudi does not challenge this finding in his opening brief.

Substantial evidence supports the agency's finding that the physical harm and threats Wahyudi suffered in Indonesia did not rise to the level of past persecution.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (harassment, threats, and one beating did not compel a finding of past persecution).  Substantial evidence further supports the agency's finding that Wahyudi failed to establish a clear probability of future persecution because Wahyudi remained unharmed in Indonesia for four years following the last incident, and he has similarly-situated moderate Muslim family members who continue to remain in Indonesia without harm.  *See Lim v. INS*, 224 F.3d 929, 938 (9th Cir. 2000).

Wahyudi does not raise any arguments in his opening brief regarding the denial of CAT relief.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**